[No. 31955. Department Two. January 24, 1952.]

TRANS-NORTHWEST GAS, INC., *Plaintiff*, v. NORTHWEST NATURAL GAS COMPANY, *Defendant and Relator*.[1]

*Tanner, Garvin & Ashley* and *Del Cary Smith*, for defendant and relator.

*Richard S. Munter*, for plaintiff.

[1] Reported in 240 P. (2d) 261.

OLSON, J.—The denial of a change of venue by the trial court is before us for review by certiorari.

We shall refer to the parties as plaintiff and defendant, as they were designated in the trial court. Both parties are corporations, plaintiff being a Washington corporation and defendant a Delaware corporation. Both of them were organized to build and operate transmission pipe lines and incidental facilities to transport natural gas from the province of Alberta, Canada, to serve various communities in the state of Washington and elsewhere.

Plaintiff brought this action in Spokane county to restrain defendant from the further publication of alleged libelous letters which were mailed to stockholders of the plaintiff by the defendant. Defendant moved to change the venue of the action from Spokane to King county.

There is no contention that defendant had either an office or agent upon whom process could be served in Spokane county. In support of its motion, defendant filed an affidavit stating that King county is the only county in Washington in which it has transacted business, and that it "has never transacted business in Spokane county."

The affidavits filed in opposition to the motion contained averments that the defendant had surveyed routes and made market and field studies in Spokane county. They further stated that these acts have been the principal corporate business of the defendant in this state, and were of importance to the defendant and vital to the construction, maintenance, and success of its enterprise.

Rule of Practice 1, 34A Wn. (2d) 68, pertains to venue. The pertinent portion is as follows:

"For the purpose of this rule, the residence of a corporation defendant shall be deemed to be in any county where the corporation transacts business, . . . or transacted business at the time the cause of action arose, . . . "

It is urged that the publication of the libelous letters in Spokane county is an act which lodges venue in that county. It is not necessary for us to consider that contention. There were other acts shown in the affidavits, done by the defend-

ant in that county, which control our decision. They were part of its usual and ordinary business, necessary to the accomplishment of the purposes for which it was incorporated. Spokane county is part of the area the defendant intends to serve. Preliminary surveys were made, without which, in all probability, its transmission pipe lines would not be laid. Field and market studies were conducted. This work was progressing when this cause of action arose. The acts done in that county were not merely casual or occasional nor were they merely incidental to defendant's business, but were, in fact, a substantial part of it.

■ *State ex rel. Anacortes Veneer v. O'Phelan,* 23 Wn. (2d) 142, 154, 160 P. (2d) 515 (1945), outlines the inquiries to be made on a question of venue. It must be determined whether or not the corporation is engaged in the transaction of that kind of business, or any part thereof, for which it was created and organized. Also, the business transacted by the corporation must be some substantial part of its usual and ordinary business, and not transactions which are merely incidental to that business or merely casual or occasional. To the same effect are *State ex rel. United States Trust Co. v. Phillips,* 12 Wn. (2d) 308, 318, 121 P. (2d) 360 (1942), and *State ex rel. Verd v. Superior Court for King County,* 31 Wn. (2d) 625, 627, 198 P. (2d) 663 (1948).

■ Applying this guide to the facts shown by the affidavits filed in this case, we conclude that for venue purposes the defendant corporation transacted business in Spokane county.

■ We reach our conclusion without considering the affidavits in support of the original motion filed by defendant when it filed a motion to reconsider the denial of its original motion. The motion to reconsider was denied. This action was within the discretion of the trial court, and we can find no abuse of that discretion where, as here, considerable time elapsed between the date of the filing of the motion, March 8, 1951, and the date of the entry of the order denying it, October 22, 1951.

■ The motion to reconsider the action of the court in deciding adversely to defendant will not serve to permit it to

bring additional evidence to support its original motion. Otherwise, failing to prevail on the first hearing, it could have successive hearings on the same motion. If such a duplication of opportunity is ever available, it cannot be in such circumstances as confront us in this case.

We, therefore, affirm the trial court's order denying defendant's motion for a change of venue.

HILL, HAMLEY, FINLEY, and WEAVER, JJ., concur.